UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DANIEL CHAD ELLISOR                                          CIVIL ACTION

v.                                                           NO. 20-2160

MAERSK DRILLING USA, INC.                                    SECTION "F"

ORDER AND REASONS

Before the Court is Maersk Drilling USA, Inc. motion to dismiss under Rule 12(b)(6) and Daniel Ellisor's Rule 41(a)(2) motion seeking voluntary dismissal without prejudice. For the reasons that follow, the plaintiff's motion is GRANTED, and the defendant's motion is DENIED as moot.

**Background**

This marine personal injury case arises from Daniel Ellisor's claims that he was injured while working as a Jones Act seaman aboard the M/V MAERSK VALIANT while employed by Maersk Drilling USA, Inc.

On July 31, 2020, Daniel Ellisor sued Maersk Drilling USA, Inc., seeking to recover damages for personal injuries to his left

shoulder "and other parts of his body." Seeking to recover under the Jones Act, general maritime law due to unseaworthiness of the vessel, and seeking maintenance and cure, Ellisor alleges that Maersk Drilling USA, Inc. employed him and owned or operated the M/V MAERSK VALIANT.

Maersk Drilling USA, Inc. now moves to dismiss Ellisor's claims with prejudice on the ground that it was neither the plaintiff's employer nor the vessel's owner or operator. Ellisor moves to dismiss this case without prejudice so that he may pursue litigation in Texas against all Maersk related entities involved in the employment and vessel owning process; he suggests that discovery regarding the proper party defendants will be necessary. Because the defendant submitted evidence in support of its motion to dismiss and because the plaintiff was twice granted additional time to respond to the defendant's motion so that he could engage in discovery concerning the defendant's improper party defense, the Court notified the parties that it might convert the motion to dismiss into one for summary judgment and, consistent with Rule 12(d), the Court ordered that the parties file any material or argument relevant to the Court's consideration of matters outside the complaint.

I.

*A.*

Federal Rule of Civil Procedure 41(a)(2) provides:

(a) Voluntary Dismissal.

...

(2) By Court Order; Effect.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Whether to grant dismissal under Federal Rule of Civil Procedure 41(a) lies within the sound discretion of the trial court.  Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991).  Unless the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit[,]" a district court should exercise its discretion to grant a motion for voluntary dismissal. Hyde v. Hoffmann-La Roche, Inc., 511 F.3d 506, 509 (5th Cir. 2007)(reversing district court's order dismissing case without prejudice where defendants established legal prejudice by showing that their defense based on Texas law was potentially stripped as a consequence of dismissal without prejudice); Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002).  Losing a potentially viable defense or a defendant's loss of significant time or expense in preparing for trial might constitute legal prejudice.  Hyde, 511 F.3d at 509;

3

United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 330 (5th Cir. 2003). A motion for voluntary dismissal is properly denied, for example, where it appears that "a plaintiff seeks to circumvent an expected adverse result." See Davis, 936 F.2d at 199 (affirming district court's denial of motion for voluntary dismissal where the motion was filed more than a year after removal, after months of filing pleadings, attending conferences, and filing memoranda, and after the magistrate judge had considered the case and had issued a recommendation adverse to plaintiff's position). Plain legal prejudice may also be established when the plaintiff seeks dismissal at a late stage of the proceedings, or where a defendant would be deprived of a limitations defense if the plaintiff refiles his suit. In re FEMA Trailer Formaldahyde Products Liab. Litig., 628 F.3d 157, 162 (5th Cir. 2010)(citations omitted). Context is important.

*B.*

In determining whether to grant the plaintiff's motion to dismiss without prejudice or the defendant's motion to dismiss with prejudice, context is crucial. Shortly after the complaint was filed, the defendant filed a motion to dismiss, which the Court must construe as a motion for summary judgment if the motion is to be granted, considering that the defendant relies on matters outside of the complaint. But, here, the Court is persuaded that

4

dismissal without prejudice is more appropriate at this early stage of proceedings. Most importantly, the defendant fails to advise how granting the plaintiff's motion will cause plain legal prejudice, or to suggest any conditions that the Court could impose on the dismissal order that would alleviate any purported harm to the defendant. At most, the defendant suggests that it should not be faced with a second lawsuit. This is patently insufficient to warrant denial of a motion for voluntary dismissal. Absent a showing of abuse by the plaintiff or any indication that the defendant will suffer cognizable prejudice to a legal interest or argument upon dismissal without prejudice, an unconditional voluntary dismissal order is warranted.

Accordingly, IT IS ORDERED: that the plaintiff's motion to dismiss the case without prejudice is hereby GRANTED and the defendant's motion to dismiss is DENIED as moot without prejudice to it being reasserted in any future lawsuit filed by the plaintiff. The case is hereby dismissed without prejudice.

New Orleans, Louisiana, March 17, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE